IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES EDWARD BROWN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-04-2625 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| | : | |
| Defendants. | : | |

# M E M O R A N D U M

## I.   Introduction

Plaintiff, Charles Edward Brown, an inmate at the State Correctional Institution in Dallas, Pennsylvania, commenced this *pro se* civil rights action with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Named as Defendants are Jeffrey A. Beard, Sharon M. Burks, Kristen Resinger, Thomas Lavan, George Mathews, Richard A. Holmes, Joseph Federick, Joseph Holocheck, and Mike Truchon.  Defendants are sued in their official and individual capacities.  Plaintiff alleges that Defendants have denied adequate heat to Plaintiff's cell, in violation of the Eighth Amendment proscription of cruel and unusual punishment, and Plaintiff has suffered temperatures ranging between twenty-six (26) to minus fifteen (-15) degrees.  As a result, Plaintiff claims that he became "ill with a cold and fever and cramps."  (Doc. 1 at 3.)  For relief, Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.

Presently before the Court is Defendants' motion to dismiss (Doc. 21) Plaintiff's complaint.  Defendants claim that they are entitled to Eleventh Amendment Immunity, and that the supervisory Defendants should be dismissed because liability in a § 1983 action may not be based upon respondeat superior.  The motion has been briefed, and it is ripe

for disposition. For the following reasons, the motion will be denied.

## II. Discussion

### A. Eleventh Amendment Immunity

Defendants claim that they are entitled to immunity from suit in their official capacities, and Plaintiff may only seek relief on the individual claims. The Court agrees. To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action. It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit. *Hafer v. Melo,* 502 U.S. 21, 25-27 (1991). In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." *Id.* at 71. "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit Court of Appeals held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: (1) whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy

2


enjoyed by the agency, as well as other similar factors. *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against the state prison officials employed by the Department of Corrections would have to be paid out of the Pennsylvania state treasury, and the Department of Corrections enjoys no degree of autonomy. Therefore, under *Will* and *Bolden*, Defendants are not "persons" for the purpose of § 1983 in their official capacities and, therefore, not properly named defendants.

### B.   Motion to Dismiss Standard

Defendants also seek dismissal of the complaint because there are no specific allegations of wrongdoing by these defendants, and § 1983 liability may not be premised on a theory of respondeat superior. They are mistaken. In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." A motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). Moreover, the Court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C.   Section 1983 Claim

As set forth previously, Plaintiff must plead two essential elements in order to state a

viable § 1983 claim: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). It is undisputed that Defendants acted under color of state law, and the Constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials make reasonable efforts to assure prisoner health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment does not mandate comfortable prisons, and prisons that house inmates convicted of serious crimes cannot be free of discomfort. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Peterkin v. Jeffes*, 855 F.2d 1021, 1027 (3d Cir. 1988). However, although the Supreme Court has made clear that prison conditions may be "restrictive and even harsh," they may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To sustain a conditions of confinement challenge, Plaintiff must show that the conditions were more than uncomfortable, and instead rose to the level of "conditions posing a substantial risk of serious harm" to his health or safety. *Farmer*, 511 U.S. at 834.

The Supreme Court has confirmed that adequate shelter is a basic human need, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 200 (1989), and courts have held that adequate shelter would include sufficient heat. *See Inmates of Allegheny County Jail v. Wecht*, 699 F.Supp. 1137 (W.D. Pa. 1988) (holding inadequate a heating plant that breaks every winter). Regardless of the viability of respondeat superior as a basis for § 1983 liability, the complaint alleges that all of the Defendants were "aware of no heat in Plaintiff's cell," and they were all "saving the State [sic] of Pennsylvania

4

Prisons money in violation of Plaintiff's Eighth Amendment right from cruel and unusual punishment . . . ."  (Doc.1 at ¶¶ 27-35.)  With this allegation, Plaintiff raises an inference that all of the Defendants were aware of the absence of heat in Plaintiff's cell, and the Defendants refused to remedy the situation to save money in maintenance or utility costs.  Thus, the Court is unable to conclude that no reasonable reading of the complaint would entitle Plaintiff to relief, and Defendants' motion will be denied.  An appropriate order follows.


Dated: September 29, 2005                             /s/ A. Richard Caputo
                                                                                                      A. RICHARD CAPUTO
                                                                                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES EDWARD BROWN,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-04-2625** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| | : | |
| Defendants. | : | |

# **O R D E R**

**AND NOW, THIS 29th DAY OF SEPTEMBER, 2005**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss (Doc. 21) Plaintiff's complaint is **DENIED**.

      /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge