UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES EDWARD BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-04-2625** |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

Plaintiff, Charles Edward Brown, commenced this *pro se* civil rights action with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Named as a Defendant is George Matthews, now deceased.  Presently pending is Plaintiff's motion to substitute party (Doc. 78), in which he seeks to substitute the Estate of George Matthews as a Defendant.

Federal Rule of Civil Procedure 25 permits substitution where a parties dies during the course of litigation.  However, George Matthews died more than ten (10) months prior to initiation of this case (*see* Doc. 25), and he was never a party to the action.  Survivability of a claim against a decedent in a federal case is determined by state law.  *Robertson v. Wegman*, 436 U.S. 584, 589 (1978).  Under Pennsylvania law, death of a potential party prior to initiation of the action will preclude inclusion in a § 1983 action.  *Ehrhardt v. Costello*, 437 Pa. 556, 561 (1970).  Therefore, Plaintiff's motion will be denied.

**ACCORDINGLY, THIS 30th DAY OF JANUARY, 2006**, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to substitute parties (Doc. 78) is **DENIED**.

    /s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge