UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES EDWARD BROWN,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-04-2625** |
| **v.** | : | **(Judge Caputo)** |
| **JEFFREY A. BEARD, et al.,** | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

### I.   Background

Plaintiff, Charles Edward Brown, an inmate at the Smithfield State Correctional Institution at Huntingdon, Pennsylvania, commenced this action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983.  Pending before the Court is the Plaintiff's second motion for appointment of counsel (Doc. 159).  For the reasons that follow, the motion will be denied.

### II.   Discussion

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants.  As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  *Tabron,* 6 F.3d at 155.  If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals identified a number of factors that a court should consider when assessing a claimant's request for counsel.

These include (1) the Plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue investigation, (4) the Plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Plaintiff has set forth his complaint in legibly handwritten, understandable paragraphs.  Notwithstanding Plaintiff's assertions to the contrary, the legal issues are relatively uncomplicated, are not likely to require expert testimony nor investigation.  The issue of whether Defendants were deliberately indifferent to Plaintiff's requests for heat in his cell is unlikely to involve expert witness testimony.  Although Plaintiff claims that the Court has rendered "numerous technical rulings against Plaintiff that hindered Plaintiff's attempt to investigate" (Doc. 160 at 4), there is nothing to support this contention in the exhibits attached to his brief in support of the instant motion.  Thus, the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, Plaintiff's second motion for appointment of counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a properly filed motion by the Plaintiff.  An appropriate Order follows.

Dated: June 26, 2006                                        /s/ A. Richard Caputo
                                                                          A. RICHARD CAPUTO
                                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES EDWARD BROWN,**                     :
                                              :
       **Plaintiff,**                        :     **CIVIL NO. 3:CV-04-2625**
                                              :
       **v.**                               :     **(Judge Caputo)**
                                              :
                                              :
**JEFFREY A. BEARD, et al.,**                 :
                                              :
       **Defendants.**                       :

## O R D E R

**AND NOW, THIS 26th DAY OF JUNE, 2006**, **IT IS HEREBY ORDERED THAT**

Plaintiff's second motion for appointment of counsel (Doc. 159) is **DENIED**.  If future

proceedings demonstrate the need for counsel, the matter may be reconsidered either by

the court, on its own initiative, or upon a motion properly filed by the Plaintiff.

                     /s/ A. Richard Caputo
                    A. RICHARD CAPUTO
                    United States District Judge