UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES EDWARD BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | CIVIL NO. 3:CV-04-2625 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

Plaintiff, Charles Edward Brown, commenced this *pro se* civil rights case with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Presently pending is Plaintiff's motion to compel production of documents (Doc. 118), Plaintiff's motion to compel responses (Doc. 122) to his second request for admissions, Plaintiff's motion to compel responses (Doc. 132) to interrogatories, and Plaintiff's motion for sanctions (Doc. 134). Defendants have answered the motions, and they are ripe for disposition. For the following reasons, the motions will be denied.

In their undisputed answer (Doc. 139) to Plaintiff's motion to compel responses to request for admissions, Defendants allege that they have objected to some requests because they seek information related to a non-party inmate and a non-party prison official. As correctly noted, Plaintiff is not entitled to documents filed by other prisoners without their consent. Further, the information sought by Plaintiff related to a non-party prison official, allegedly regarding the official's demotion, is not relevant to Plaintiff's claims that he has endured excessively cold temperatures in his prison cell; moreover, this information is privileged under Pennsylvania law. *Bangor Area Education Ass'n v. Angle*, 720 A.2d 198, 201 (Pa. Cwlth. 1998); *Shedlock v. UPMC Presbyterian Church Inc.*, 69 D&C 4th 1, 8

(Allegheny Cy. 2004). Defendants also concede that they denied Plaintiff's requests for admission that the Defendants have committed perjury in the course of this case. Under the Federal Rules of Civil Procedure, Defendants are required to answer the requests and the answer "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a). Defendants have denied Plaintiff's allegations of perjury against Defendants, and their denial satisfies the requirements of Rule 36. Accordingly, Plaintiff's motion to compel responses to his second request for admissions will be denied.

In response to Plaintiff's motion to compel production of documents, Defendants allege that they have provided the much of the requested information unless the information did not exist (Doc 137 at 3-4, 6-7). Thus, Defendants have appropriately responded to these requests, and Defendants can not produce what does not exist. Also, Defendants aver that they objected to some of Plaintiff's requests because the requests sought confidential information related to a non-party inmate or because Plaintiff claims their answers are perjurious. As noted above, Plaintiff is not entitled to documents filed by other inmates unless he has authority from the inmate, and responses are not objectionable simply because Plaintiff does not believe they are true.

In their undisputed answer (Doc. 140) to Plaintiff's motion to compel responses (Doc. 132) to interrogatories, Defendants allege that they have objected to the interrogatories because Plaintiff is seeking information that is irrelevant to Plaintiff's claims, and that the information sought relates to a non-party prison official. Plaintiff does not explain how information that he seeks, related to scrap metal sales at the prison, is relevant to his claim that he has endured excessively cold temperatures in his cell;

moreover, as noted above, information related to a non-party prison official is irrelevant and privileged. *Bangor Area Education Ass'n*, 720 A.2d at 201; *Shedlock*, 69 D&C 4th at 8. Thus, Plaintiff's motion to compel interrogatory responses from Defendants will be denied.

Finally, in light of the foregoing, Plaintiff's motion for sanctions for the alleged shortcomings of Defendants' discovery responses will be denied accordingly.

**AND NOW, THEREFORE, THIS 24th DAY OF JANUARY, 2007**, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to compel discovery (Doc. 118) is **DENIED.**
2. Plaintiff's motion to compel responses (Doc. 122) to Plaintiff's second request for admissions is **DENIED**.
3. Plaintiff's motion to compel responses (Doc. 132) to interrogatories is **DENIED**.
4. Plaintiff's motion for sanctions (Doc. 134) is **DENIED**.

      /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge