IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES EDWARD BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | CIVIL NO. 3:CV-04-2625 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**M E M O R A N D U M**

**I.   Background**

Plaintiff, Charles Edward Brown, an inmate at the State Correctional Institution in Dallas ("SCI-Dallas"), Pennsylvania, commenced this *pro se* civil rights action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983.  Defendants are the Pennsylvania Department of Corrections Secretary Jeffrey A. Beard and various officials at SCI-Dallas.  Plaintiff claims that he has endured extreme cold temperatures while housed at SCI-Dallas, in contravention of the Eighth Amendment proscription of cruel and unusual punishment.  Specifically, Plaintiff claims that he "has been made to suffer excessively cold temperatures ranging from twenty-six (26) to minus fifteen (-15) . . . causing Plaintiff substantial physical harm . . . [so] that all Plaintiff could do is sleep in his long johns, clothes, winter coat and hat . . . in violation of Plaintiff's Eighth Amendment right to adequate shelter and heat."  (Doc. 170 at 4.)  This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. 153).  The motion has been briefed and it is ripe for disposition.  For the following reasons, Defendants' motion for summary judgment will be granted.

II.     **Discussion**

   A. **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id*. at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings.  Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  When addressing a summary judgment motion, our inquiry focuses on "whether *the evidence* presents a sufficient

2

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added).

### B. § 1983 Standard

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Although it is undisputed that Defendants are acting under color of state law, Plaintiff fails to establish the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States.

### C. Eighth Amendment Standard

The Constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials make reasonable efforts to assure prisoner health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Protection of prisoner health would require provision of adequate heat, and courts have held that exposure to extreme temperatures "undermines the health of the inmates" and "increases the likelihood of disease." *Tillery v. Owens*, 719 F. Supp. 1256 (W.D. Pa. 1989). However, the Eighth Amendment does not require prison officials to provide inmates with comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Loe v. Wilkinson*, 604 F. Supp. 130, 133-34 (M.D. Pa. 1984). The Supreme Court has made clear that prison conditions may be "restrictive and even harsh," but prison officials are required to provide inmates with the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

In the context of the prison environment, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Part of the penalty facing those who violate the norms of society is routine discomfort. *Id.* Plaintiff must show that the conditions of his confinement posed "a substantial risk of serious harm" to his health or safety. *Farmer*, 511 U.S. at 834. "[A]lthough accidental or inadvertent failure to provide adequate . . . care to a prisoner would not violate the Eighth Amendment, 'deliberate indifference . . . to . . . needs of prisoners' violates the Amendment because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993), quoting *Estelle v. Gamble*, 429 U.S. 97 (1976).

To establish Eighth Amendment liability, the prison official must be shown to have knowledge of an excessive risk to inmate health, and the official must be shown to have been deliberately indifferent to that perceived risk. *Farmer*, 511 U.S. at 842 (1994). An official who actually knew of a substantial risk to inmate health will not be liable where the official acted reasonably in response, even if harm ultimately ensues. *Id.* at 844. In this case, Plaintiff has failed to show (1) that he was subjected to a deprivation of the "minimal civilized measure of life's necessities," Rhodes, 452 U.S. at 347, and he has failed to show (2) that the prison officials acted with deliberate indifference to his predicament.

**1.    Provision of Life's Necessities**

As previously noted, Plaintiff claims that he "was made to suffer excessively cold temperatures . . . causing . . . colds, fevor's [sic], cramps in his arms and legs, [and] difficulty functioning physically and mentally." (Doc. 170 at 4.) Nevertheless, in his

deposition, Plaintiff testified that he was provided with long johns, sweat suits, winter coat, hat, and two blankets. (Doc. 154 at 42.) Courts have held that provision of extra clothing is sufficient to remedy excessive cold temperatures. *See Benson v. Godinez*, 919 F. Supp. 285 (N.D. Ill. 1996) (Where inmate was housed in cell with inadequate heat, no Eighth Amendment violation because the inmate was provided with warm clothes); *Wilson v. Horn*, 971 F. Supp. 943 (E.D. Pa. 1997) (inmate in cell with broken window causing his cell to be cold did not preclude summary judgment because Defendants provided Plaintiff with a blanket.)

Moreover, Plaintiff did not suffer serious medical injuries (arm and leg cramps, cold and fever). A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *McCabe Prison Health Services*, 117 F.Supp. 2d 443, 450 (E.D. Pa. 1997). Plaintiff never sought medical care for his alleged ailments, and they were all self-treated. Thus, Plaintiff's physical injuries do not implicate Constitutional protection. Further, courts have held that cramps, colds and a sore throat are insufficient to rise to a level of constitutional protection. *See Benson*, 919 F. Supp. 285 (Plaintiff denied relief because he only suffered from colds and a sore throat); *Burkholder v. Newton*, 116 Fed.Appx. 358, 363 (3d Cir. 2004) (Plaintiff denied relief where cold cell caused leg pain.)

In opposition to the pending motion, Plaintiff has cited several cases in which summary judgment was denied where prisoners were exposed to bitter cold temperatures

5

for **long periods of time**.  (Doc. 170 at 4, citing "*Gatson v. Coughlin*, 249 F.3d 156, 164-165 (2d Cir. 2001) ('Summary judgment denied where prisoners were exposed to bitter cold temperatures for **long periods of time**'); *Mitchell v. Shomig*, 969 F. Supp. at 489-490 ('Inmates exposed to cold temperatures for **long period of time** violated Eighth Amendment')"(emphasis added)).  There is nothing in the record to support a conclusion that the frigid conditions lasted for long periods of time when they occurred.  Additionally, the Third Circuit Court of Appeals has raised doubts that "having a cold cell is really an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,'" triggering Eighth Amendment scrutiny.  *Burkholder*, 116 Fed. Appx. at 363 (3d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

   **2.   Deliberate Indifference**

Plaintiff has also failed to show that Defendants were deliberately indifferent to his situation.  The parties agree that the heating problem at Dallas was a recurrent issue.  Plaintiff first complained about the lack of heat in his cell on February 5, 2001, and the heat was restored on February 6, 2001.  (Doc. 154 at 36-37.)  Plaintiff testified that he suffered a loss of heat for a total of approximately one week in February of 2001, and he never made a request for extra blankets during that period.  (*Id.* At 39.)  However, when Plaintiff suffered the cold temperatures, he concedes that he wore "long johns, clothes, winter coat, and [a] hat and [he] put hot water in his sink and plastic tub to stay warm, and [he] put hot water in a shampoo bottle to keep his hands and feet from freezing."  (Doc. 170 at 4.)

Defendants made several attempts to remedy the lack of heat.  Plaintiff concedes that new circulating pumps were installed in January of 1991, and "between November

6

2000 and January 2001 new heating pipes were installed in [Plaintiff's cells (88 and 91), albeit prior to his placement in these cells]."  (*Id.* at 5.)  Although Plaintiff complains that Defendants only came to his block with thermometers in response to his complaints (*Id.*), the record supports a conclusion that the temperatures on these occasions were "in the range of 70's [and] 80's."  (Doc. 154 at 41.)  Ultimately, the record supports a conclusion that Defendants responded to Plaintiff's complaints of cold temperatures in a prompt fashion, and that they took reasonable measures to correct the problem.  Thus, Plaintiff has failed to establish an Eighth Amendment violation, and summary judgment is warranted.  An appropriate Order follows.


Dated: March 23, 2007.                    /s/ A. Richard Caputo
                                          A. RICHARD CAPUTO
                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHARLES EDWARD BROWN,** :
:
    **Plaintiff,** : **CIVIL NO. 3:CV-04-2625**
:
**v.** : **(Judge Caputo)**
:
**JEFFREY A. BEARD, et al.,** :
:
    **Defendants.** :

## O R D E R

**AND NOW, THIS 23rd DAY OF MARCH, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion For Summary Judgment (Doc. 153) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.

3. The Clerk of Court shall **CLOSE** this case.

4. Any appeal from this Order will be deemed frivolous, without good cause, and not taken in good faith.

                                                     /s/ A. Richard Caputo
                                                     A. RICHARD CAPUTO
                                                     United States District Judge